Good morning, Your Honor. Sandra Lopez of the Federal Defenders on behalf of Mr. Anguiano-Morfin. The district court failed to provide the theory of defense instruction. Although the court informed the jury of the evidence presented by Mr. Anguiano that he had a genuine, although mistaken, belief of being a United States citizen, the entirety of the instructions did not instruct the jury on how to use that evidence during deliberations. It did not instruct the jury that a sincere belief in the truthfulness of the statement negated the mens rea of willfulness. And it did not instruct the jury on the government's burden of proof in relation to this theory of the case. Because the court failed to provide this theory of defense instruction, Mr. Anguiano's conviction must be reversed. First, it's important to point out that the district court agreed with Mr. Anguiano that he was entitled to a theory of defense instruction. The court found that there was sufficient evidence presented at trial, and the court at ER 60 indicated that the law supported this theory of defense. The court stated, how can you make a willfulness reputation if you generally believe it to be true? The problem was that the district court ultimately determined that it would not provide the law in relation to this theory of the case because it believed that the Ninth Circuit model jury instructions covered the theory of defense instruction. It did not. Here's my hesitation with or problem with your argument. I'm stating this only for my own self. I don't think the instruction given by the district court was ideal. I mean, I'll just start there. But it's pretty clear from the instruction what the government's theory was and what the defendant's theory was, and that I think the jury can easily understand that if it agrees with the defendant as to the facts, it should acquit. I mean, I'm now just reading from the instruction. The defendant made such false representation willfully, that is, the misrepresentation was voluntarily and deliberately made, and then skipping. The theory of the defense is that the defendant genuinely believes, though mistakenly, that he was a U.S. citizen when he claimed to be a U.S. citizen. I mean, it's hard if you're a juror to understand, to misunderstand that what your job is. You're just trying to figure out, do you really believe it? There's several problems with that. First, as Your Honor indicated, she set forth the four elements that needed to be proved beyond a reasonable doubt by the government, and one was a willful. And then the fourth was that the statement was made to an officer. And then separately, aside from that, she indicated what the evidence was presented. And the problem is that there was no tying in to what the law was in relation to that evidence, and, in fact, he only had. But both sides argued, argued this question. The whole question of the case was, was he lying or was he not lying? The only time twice that the jury was told what the law was, was by the defense counsel. Twice, the defense counsel stated at ER 137 and 175, under the law, if Mr. Anguiano had a sincere belief that what he was saying was true, he is not guilty. The defense counsel said this twice, and twice the prosecutor objected at misstating the law. And twice, the court told the jury that the court would instruct the jury on what the law was. So the jury was left with the impression, well, the prosecutor is saying that that is not a defense. And so there is ambiguity, and there is ambiguity. The prosecutor below was arguing that this was not a requirement. The prosecutor on appeal is arguing that knowledge of falsity is not a requirement. There is ambiguity. And thus, in order to be a profiteerial defense instruction, it needed to tie in the evidence with the law. Roberts. I'm sorry. Go ahead, Judge. Ginsburg. Counsel, what do you do with our case law, including United States v. Karani and Espinoza, Espinoza v. INS, that seem to say that willfulness under Section 911 is defined as voluntary and deliberate? What do you do with those cases? Well, as I indicated in my briefs, Karani did not address that element, and it specifically said it was not addressing that element. And it does cite to Cho. Cho, the issue was not knowledge of falsity. The issue in Cho was whether the defendant knew he was checking off the box that he was a United States citizen. And there, in that context, voluntary and deliberately was appropriate. In this context, where the issue is knowledge of falsity, voluntary and deliberately is not enough. So is there a case that you can point us to that supports your argument that our case authority that generally defines the mens rea as voluntary and deliberate is wrong? It may not be wrong in the context of something like Cho. Right. But it is wrong when the theory of defense is, I didn't know. Okay. So do we have a case that says that? There is substantial case law, both in the Supreme Court and Berry, that willful and this Court in Berry, that willful must be an unlawful conduct. But I'm asking you a more precise question. I'm asking you, do you have case authority in the Ninth Circuit discussing this particular statute that says that our definition of the mens rea as requirement as voluntary and deliberate does not apply when there is? I think it may be a matter of first impression whether under 9-1-1 when the theory of defense is knowledge of falsity. However, repeatedly in the Ninth Circuit has indicated that willful does require knowledge of falsity. I think that's true if the statute contains some element of a knowledge requirement, but this particular statute does not. It can't be that somebody that honestly believes he's a United States citizen and makes that statement that he's acting unlawfully, he knows that he's acting unlawfully. And that's the paramount issue in all of these cases, that ultimately there has to be a knowing unlawful conduct. And if you don't know that your statement is false, it can't be an unlawful conduct. Well, in the firearms offenses, for example, transporting firearms, there is no requirement that the person have knowledge that it crossed state lines. It just has to be a showing that the firearm crossed state lines. So we do have statutes where the knowing requirement is not part of the mens rea. And if I may point out even more analogous cases, perjury under, I can't remember the statute right now, but perjury and false statement under 1001. The model jury instructions say because it's a false statement issue, not only does the government have to prove beyond a reasonable doubt that it was deliberate, the government has to prove beyond a reasonable doubt that the defendant knew that the statements were false. I don't know if that argument helps you because the model instructions in this case don't say that. And simply because the model jury instructions don't say that, the issue here is the theory of the case. But you can't have it both ways. You can't say that the model jury instructions instruct us as to how to look at the instructions and then say, but in this case, the model jury instructions don't instruct us. But that is precisely why in this case we need a theory of defense instruction because the model instruction did not address the law. And I see that my time is running out, and I'd like to reserve it for rebuttal unless Your Honors have any further questions. Why don't we hear from the government, and we'll make sure you get a chance to say everything you need to say. Thank you. Good morning. May it please the Court. Mark Rahe for the United States. In this case, Your Honors, the district court, in instructing the jury unwillfully, followed not only the model jury instruction of this circuit, which is 5.5, but also several decades' worth of case law. As Judge Rawlinson pointed out, in the United States Karouani, 2004, this Court said, cited examples of willful defined in separate contexts, and specifically that case involved 9-11 as this case, said that voluntarily and deliberately is the appropriate definition for willfully. In this case... Now, voluntarily and deliberately, willfully, does that mean knowing that it was false? In this case, the government accepted that standard, Your Honor. Now, how can you say that? I'm reading the closing arguments. Correct.  In order for Mr. Aguiano-Morfin to be guilty of making a false claim to the U.S. citizen, the government has proved me under reasonable doubt that he made a willful false statement. That means deliberately and voluntarily. Under that law, if Mr. Aguiano-Morfin had a sincere belief that what he was saying was true, is not guilty, Mr. Conover, objection misstates the law. Where's the misstatement? Correct, Your Honor. In that, I agree. Now, wait a minute. Where is the misstatement? I don't know, Your Honor. There is no misstatement. I suppose not. In that instance, there wasn't. But a couple points. Well, I think this is important. So the government says, objection misstates the law. The court says, I'll give you the law, which, of course, is an appropriate thing for the government, for the court to say. Right. Then in the instructions, I mean, I'm repeating the argument just given. In the instructions, we get the statement 1, 2, 3, 4. And then we get a statement, the theory of the defense is. Right. But the theory of the defense is, you just said, actually, that's a correct statement of the law. Well. And we've already had an objection by the government that says that's not the law. Right. The court doesn't correct that. And the only thing in the instruction says, well, that's the defendant's theory. Well, I was thinking. The court doesn't say this is the law. But you've just told me it's the law. So what am I supposed to do with that? Okay. First of all, Your Honor, I know my opponent said that the government objected  There was only that one objection. I understand. And I just read it to you. Right. And I believe, I think the best explanation of that is the defense counsel used the word sincere. Their defense was genuinely, albeit mistakenly. I'm thinking that in the heat of the moment, in the closing argument, that's what the prosecutor heard. I'm not accusing the prosecutor of misconduct. I'm trying to figure out what the jury had in its head. No, exactly. And moving as well, Your Honor, that that objection was not sustained. And I'll point out a couple other things. Which objection was not sustained? That it misstated the law. Well, I think it is. I mean, objection misstates the law. The court says, I will give you the law. Correct. It doesn't say object. It doesn't say sustained or the rule. Don't be so fast. We don't need to talk fast. We've got enough time. All right. So when the court says, I'll give you the law after Mr. Conover has said objection misstates the law, I think anyone reading that says, oh, well, I can't trust what the defendant says is the law because, and this is right, the lawyers are not entitled to give you the law. So in a sense, I think that's, as I read that, I'm not sure I want to say objection sustained, but it's a very clear statement to the jury, you can't trust either of the two parties to tell you what the law is. If I can. My disagreement with that, Your Honor, is simply based on the following. In the very. So you disagree with that? Yes. Okay. I'm going to get a chance to explain. Right. No, no, please go ahead. Immediately thereafter, the defense counsel was not deterred from continuing to argue that his client wasn't guilty because he had an honest but mistaken belief that he was a United States citizen. In fact, I believe it's the two or three sentences directly after that colloquy with the judge. If you look at the very last few sentences of the defense's closing argument, also that entire theory is laid out. No further objection from the prosecutor, no further indication of any ambiguity in the law at that point. The counsel opposing counsel's problem with that approach is that it doesn't have the court's precise articulation of the men's right to go along with the defense argument. So if you agree that that's a correct statement of the law, why would you object to it being put into the instruction? Your Honor, in this case, because it didn't, it was a deviation from the model instruction. I think maybe the way Judge Fletcher said at the beginning, it's always possible that an instruction might have been better, could be better, could be more ideal. But that's not the governing law in this context. In fact, as stated in the government's brief, the defense ---- But if it's not the governing law, why did you agree that it was correct? Because jury instruction is different from sufficiency of evidence, Your Honor. You ask the defense counsel, do they have any case that says a jury has to be instructed to this effect? There are none. All the cases they talk about are sufficiency of evidence cases. This judge, at the time, I think the reason why, and I had a quote here. Excerpt of record, page 499. And there was a lot of debate about this instruction. The prosecutor says, then why not track the Ninth Circuit language so that there is no parsing of semantics and words? I think basically at that point, there's an instruction that has 20 to 30 years of approval or at least lack of any distinction. That's what the instruction should be. And then as Judge Zellerstein pointed out, or Hellerstein, excuse me, it's then up to the parties to argue the law. The defendant is not entitled to his preferred wording of instructions, nor is he entitled to insist on particular language. But I think all of this also goes ---- This would be a fairly easy case for me, even though I don't think the instruction given is ideal. If the government had not told the jury that this was an inaccurate statement of the law, and then we don't get the instruction that says this is the law, all we get is to say this is the defendant's theory. My problem is that the government has very explicitly said that's not a correct statement of the law. And the court does not then correct the government's objection in its instruction. I think probably the district judge is just wanting to tell the jury that when it comes to giving instructions, I'll give the instructions. Let the lawyers just argue. Right. It's a way of passing off a point without really focusing on it, because to clarify the instructions that that particular point might mean more than just a word or two, but giving the context of what you want to say, my own feeling is that it would have been better had he discussed knowing, had the district judge discussed knowing, but not having discussed it, it seems to be clear from the instruction what the judge wanted to tell the jury and what the jury understood. Understood, Your Honor. And I think consistent with that, and this goes to the whole harmlessness of it all, the government's argument is how do we know that what he said was false? And there was overwhelming evidence to that effect. Twice deported. At no point prior to this offense had he ever claimed to be a United States citizen. In fact, he was deported just one week prior. And as far as this mental illness defense, it conveniently springs up three weeks earlier. At the time this defendant is deported on January 14, 2010, at the time he's arrested January 22, 2010, he says nothing about that. But again, I don't think... The evidence against him on this question of knowledge is pretty strong. I agree with you. All right. I think unless there are any further questions, the government would submit, Your Honor. Okay. First, Your Honor, the defense counsel did make this statement of the law twice. Correct. Along with the ER-137 at 175. I'm sorry. Could you repeat that? At ER- 175. In other words, if Mr. Anguiano had a sincere belief in his head, even if wrong, even if because of a mental illness, if he had a sincere belief that he was a U.S. citizen, when he said he was, he is not guilty. Mr. Conover, objection? I'm sorry to interrupt you on your train of thought. I don't have 175 here in front of me. That's not part of your final argument, though? That's a different point. It's not. It's part of the opening statement. It's the opening. Oh, okay. Objection, Your Honor, misstates the law. And then the court was on to tell the jury that they will – that the court will provide the instruction. I got it. Okay. Now, the theory of defense instruction is required. That's the case law in this – in this circuit if there's evidence and it's supported by the law. And here it's undisputed that it is supported by the law. But the theory of defense was given. The theory of defense was given. And your quarrel with the way it was articulated was that the court didn't go on to give a mens rea that you thought should have been included within the theory of defense instruction. I do not believe a theory of defense instruction was given. An instruction is an instruction on how to use the law in relation to the theory of the case. And that was clearly not given in this case. The court says the theory of the defense is that the defendant genuinely believes, though mistakenly, that he was a United States citizen when he claimed to be a United States citizen. The court is distilling the essence of the defense in a way that the jury has to understand, in effect saying that if he honestly said he thought he was a United States citizen, then he should have believed the propositions that the government has to prove one by one. Although that statement was given in no part of the instruction, does the district court instruct the jury how to use that when using the government's burden of proof? Well, on the one hand, the court is saying the government has to prove that the statement was false, and skipping a few points, and that it was willful, in other words, voluntarily and deliberately made, both connoting a certain degree of false knowledge. And in opposition to that, the theory of the defense and what the government must prove. And the problem with that is that the only time that the jury was actually informed the relevance of the law, that it was actually a defense, it was a valid defense, the prosecutor objected as being a misstatement of the law. But if the jury looked at these instructions, do you think that there was a question in the jury's mind that if they believed that he thought he was a U.S. citizen, that they would still convict him? If they believed his testimony, you think with those instructions there's a reasonable probability? And with the prosecutor's statement that that is a misstatement of the law, then yes, there's ambiguity. The judge said, I would tell you what the law is, and we presume that the jury listens to that. And the problem is that the judge did not instruct the jury on that issue. I understand your argument. Thank you, Your Honor. Okay. Thank you for helpful arguments. Igranomorphin is now submitted for decision.
judges: Hellerstein, Fletcher, Rawlinson